UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:09-cr-32-FtM-29DNF

WILNER SIMON
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for the Return of Seized Property (Doc. #47) filed on October 26, 2011. The United States filed a Response (Doc. #49) and a Supplemental Response (Doc. #51). The Court issued an Opinion and Order (Doc. #52) directing the government to return certain seized items to defendant, and setting an evidentiary hearing as to the seized items which were alleged to have been destroyed by the United States. The United States thereafter returned all of the property in its possession to defendant (Doc. #55, ¶2), and established that the remaining items had been destroyed on July 1, 2010. (Id., ¶3.) The Court conducted an evidentiary hearing on February 21, 2012, hearing testimony from defendant and argument from counsel.

**I.**

The Court makes the following findings of fact:

On August 11, 2004, the Federal Communications Commission issued a Forfeiture Order (Doc. #55-3) against Wilner Simon (Simon or defendant) for unlawfully operating a radio from his residence

at 110 Triangle Street, Port Charlotte, Florida without a license in 2003 and 2004.  The Forfeiture Order imposed a monetary forfeiture in the amount of $10,000 for willful and repeated violation of Section 301 of the Communications Act of 1934.  No portion of the monetary penalty has been paid by Simon.

On May 13, 2009, Simon was named in a five-count criminal Information (Doc. #1).  Each count charged that on various dates in 2004, 2005, 2007, and 2008 defendant willfully and knowingly used and operated an apparatus for the transmission of energy and communications and signals by radio from a place in Florida to another place in Florida without a license, in violation of 47 U.S.C. §§ 301 and 501.  The Information did not include a forfeiture provision.  Also on May 13, 2009, federal agents seized eighty-one (81) items from defendant's residence at 110 Triangle Street, Port Charlotte, Florida related to his operation of a radio without a license.  The seized items were identified in a Seized Equipment Inventory List (Doc. #55-1).  On the same day the United States entered into a six-month storage agreement with Quality Tower Erectors, Inc. to store the Aluma Tower with attached FM antenna and coax cable seized from defendant (Doc. #55-2).

On June 8, 2009, the government provided defendant with a letter stating it would destroy all "bulk evidence" within sixty days in the absence of a response.  (Doc. #51-1.)  Defendant filed a Notice of Objection to Destruction of Bulk Evidence (Doc. #17) on

June 19, 2009, and service was made on the Assistant United States Attorney. Neither party obtained a court order concerning the retention or disposition of the eighty-one items seized from defendant.

On September 4, 2009, defendant pled guilty to Count One of the Information pursuant to a Plea Agreement (Doc. #29). The Plea Agreement did not include a forfeiture provision. On January 5, 2010, defendant was sentenced to three years probation, and the Court's sentence did not include a forfeiture component. (Doc. #37.)

On July 1, 2010, the Aluma Tower with attached FM antenna and coax cable seized from defendant was destroyed by its custodian because the United States failed to extend the six month storage agreement it had entered into on May 13, 2009, and no one had claimed the items (Doc. #55-2).

On October 3, 2011, the Court granted defendant's unopposed motion for early termination of probation, terminating the probation effective October 7, 2011. (Doc. #44.) Defendant filed his motion for the return of all seized property on October 26, 2011. As noted above, the government returned all items, other than those destroyed, on February 9, 2012.

**II.**

Federal Rule of Criminal Procedure 41(g) provides, in part: "A person aggrieved by an unlawful search and seizure of property or

by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g). This rule applies to both property unlawfully seized and to property lawfully seized but unreasonably retained by the government. United States v. Zambrano, 353 F. App'x. 227, 228 (11th Cir. 2009). When a motion for the return of property under Rule 41(g) is filed after a conviction, the Court treats it as a civil action in equity. United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006), overruled on other grounds, United States v. Lopez, 562 F.3d 1309, 1311–13 (11th Cir. 2009); United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005); United States v. Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001); United States v. Martinez, 241 F.3d 1329 (11th Cir. 2001). In order to recover property, the movant must demonstrate that he has a possessory interest in the seized property and that he has "clean hands". Howell, 425 F.3d at 974. When a Rule 41(g) motion is filed after criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." Ramirez, 260 F.3d at 1314 (quoting United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)). When, as here, the government shows the property was destroyed, the Court is required to craft equitable relief for the destruction, although this does not include money damages in this proceeding, id. at 1315-16.

**III.**

Defendant asserts that his property was improperly destroyed by the United States. Recognizing that sovereign immunity bars money damages against the government, defendant seeks as equitable relief a court order deeming the $10,000 monetary penalty in the 2004 Forfeiture Order to be satisfied. Defendant produced purchase invoices for the major items, which were purchased in August, 2005 and September, 2007, and estimates that the value of the other items and the damage done to the returned items exceeds the $10,000 penalty. The Government disputes defendant's entitlement to any relief, and proffers the value of the destroyed property at approximately $2,400.

The Court finds that defendant's property was improperly destroyed by the government. It seems clear that the government could have sought forfeiture of the items as instrumentalities of the crime, either in the criminal proceedings or in separate civil proceedings. The government failed to do so, and simply destroyed items which were not contraband *per se*. The Court finds that the government acted unlawfully in destroying the property under these circumstances.

It is undisputed that sovereign immunity prevents the award of monetary damages against the United States absent a waiver by the United States, and that the Eleventh Circuit follows the majority of the circuits in holding that sovereign immunity precludes

monetary relief in a Rule 41(g) proceeding. Ramirez, 260 F.3d at 1314 (sovereign immunity bars monetary damages against government); United States v. Palacios Gonzalez, 372 Fed. App'x 996 (11th Cir. 2010)(government has sovereign immunity preventing the movant's claim for money damages, but a district court retains the right to fashion equitable relief in instances where the property has been destroyed). Compare United States v. Jones, 225 F.3d 468, 468 (4th Cir. 2000)(sovereign immunity deprives a court of jurisdiction to award damages in a Rule 41(e)[1] action where property has been destroyed by the government); United States v. Hall, 269 F.3d 940, 941 (8th Cir. 2001)(Rule 41(e) does not contain an explicit waiver of sovereign immunity required to authorize monetary relief against the government and district court exceeded jurisdiction in awarding monetary relief); Pena v. United States, 157 F.3d 984, 986 (5th Cir. 1998)(money damages against the government in a Rule 41(e) proceeding are barred by sovereign immunity); United States v. Bein, 214 F.3d 408, 410 (3d Cir. 2000)(Rule 41(e) allows a district court to award equitable relief but this equitable power does not override the government's sovereign immunity); Clymore v. United States, 415 F.3d 1113, 1120 (10th Cir. 2005)("sovereign immunity bars monetary relief in a Rule 41(e) proceeding when the government no longer possesses the property"); with United States v.

---

[1]Rule 41(e) is now codified as Rule 41(g). See United States v. Howell, 425 F.3d 971, 976 n.3 (11th Cir. 2005).

Martinson, 809 F.2d 1364, 1368 (9th Cir. 1987)("When a citizen has invoked the jurisdiction of a court by moving for return of his property, we do not think that the government should be able to destroy jurisdiction by its own conduct"); Mora v. United States, 955 F.2d 156, 159 (2d Cir. 1992)(award of damages may be appropriate as an equitable remedy).

The Eleventh Circuit does require, however, that the district court consider equitable remedies to compensate for wrongfully destroyed property. Ramirez, 260 F.3d at 1314; United States v. Palacios Gonzalez, 372 Fed. App'x 996 (11th Cir. 2010). The Eleventh Circuit has not specifically stated what equitable remedies are available in the event that returnable property is destroyed by the government.

Simon essentially requests that the Court offset the monetary damages caused by the destruction of his property against the $10,000 administrative penalty. The Eleventh Circuit has stated that "[t]he right of set off belongs to every creditor to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due him. The right of set-off is within the equitable power of a court to offset mutual debts running between two parties." Capuano v. United States, 955 F.2d 1427, 1429-30 (11th Cir. 1992)(footnotes and internal quotation marks omitted). This equitable remedy is barred by sovereign

immunity, however, because it relies upon a determination of monetary damages against the United States without its consent.

Even if such relief were not barred by the Eleventh Amendment, the Court is otherwise without authority to reduce the forfeiture. A district Court only has "a sliver of the jurisdictional pie" for enforcement of FCC orders imposing a monetary forfeiture penalty and such jurisdiction occurs upon a proceeding initiated by the FCC for collection of the imposed penalty. Rocky Mountain Radar, Inc. v. F.C.C., 158 F.3d 1118, 1121-22 (10th Cir. 1998), quoting Action for Childrens Television v. FCC, 827 F. Supp. 4, 10 (D.D.C. 1993) *aff'd*, 59 F.3d 1249 (D.C. Cir. 1995); see also 47 U.S.C. § 503(b)(providing for forfeiture procedures); § 503(b)(3)(B)(establishing district court as forum for government collection actions). When such an action is pursued in the district court, it is tried de novo. 47 U.S.C. §504(a). If the government institutes an enforcement proceeding, sovereign immunity may be waived and an offset possible. However, the current Rule 41(g) proceeding was not instituted by the government and does not seek to enforce the administrative sanction.

Viewing the value of the destroyed property as equitable restitution does not assist defendant. Equitable restitution for the value of the property destroyed is also barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 663 (1974).

Other Circuits have found that providing the litigant with the opportunity to pursue alternative legal theories for monetary damages constituted equitable relief. In United States v. Hall, 269 F.3d 940, 941 (8th Cir. 2001), the Court held that money damages against the government in a Rule 41(e) motion was barred by sovereign immunity, but remanded the matter for a determination as to whether Hall could rely on an alternative legal remedy, such as the Federal Tort Claims Act. Id. at 942-43. It stated, "[w]hen a district court conducting a Rule 41(e) proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant . . . an opportunity to assert an alternative claim for money damages." Id. at 943. Similarly, in United States v. Pena, 157 F.3d at 986, the Fifth Circuit affirmed the district court's dismissal of a Rule 41(e) motion for money damages as barred by sovereign immunity but remanded the matter to the district court to give the litigant an opportunity to amend under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Eleventh Circuit has also suggested that money damages may be available through a law suit under the Tucker Act, 28 U.S.C. § 1346(a)(2). United States v. Watkins, 120 F.3d 254 (11th Cir. 1997). While the Court declines to convert this Rule 41(g) proceeding into a free-standing civil action, Simon retains his option of filing a civil action based upon another statute if appropriate.

The Court has also considered a reduction of defendant's $250 fine, but concludes it is without authority to do so.[2]  A sentence to pay a fine can subsequently be: "(1) modified or remitted under section 3573; corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified under section 3742."  18 U.S.C. § 3572(c).  None of these circumstances apply to this case.

The Court finds that no additional relief is available to Simon under Rule 41(g).

Accordingly, it is now

**ORDERED**:

Defendant's Motion for the Return of Seized Property (Doc. #47) is **GRANTED** as set forth in the prior Opinion and Order (Doc. #52), and no further action will be taken on the motion.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of March, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record

---

[2]The Court further notes that this fine has already been paid by Simon.  (Doc. #40.)